UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALISHA M. WILLIAMS,

                Plaintiff,

  -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
------------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM & ORDER
10-CV-5521 (CBA)

      The plaintiff, Alisha Williams, petitions this Court for review of the Commissioner's denial of her application for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. The parties agree that the Administrative Law Judge ("the ALJ") assigned to this case made several errors that justify a reversal and remand under 42 U.S.C. § 405(g). The only dispute is whether the case should be remanded for further administrative proceedings or for the calculation of benefits. On July 26, 2012, the Court heard oral argument on the plaintiff's motion for judgment on the pleadings and the Commissioner's motion for remand for further administrative proceedings. For the reasons stated on the record at oral argument, the Commissioner's decision is reversed and the case is remanded for further administrative proceedings pursuant to § 405(g).

      Although there is medical evidence suggesting that the plaintiff may be disabled, there is also conflicting evidence in the administrative record that could support a finding that the plaintiff retains the residual functional capacity to perform sedentary work. The assistance of a vocational expert would be useful in determining what if any work the plaintiff can still perform and whether appropriate jobs exist in the national economy. In addition, there are gaps in the plaintiff's mental health records that must be fully developed. The Court also finds that the

1

existing mental health records on their own do not necessitate a finding that the plaintiff is disabled, as there is conflicting evidence in the record concerning the plaintiff's ability to follow instructions, concentrate, and complete tasks. Because it is for the Social Security Administration, not this Court, to weigh conflicting evidence in the first instance and fully develop the record, remand for further administrative proceedings is warranted.

The Court also finds that, under the unique facts of this case, this matter should be assigned to a new administrative law judge on remand. The ALJ previously determined that the plaintiff was not credible, based on a misreading of the record. The Court is concerned that it would be difficult for the ALJ to dispel that credibility determination in order to fairly evaluate the issues presented in this case on a renewed record. Finally, in order to minimize any undue delay, and due to the fact that remand is occasioned by the deficiencies in the review of the case by the defendant, the administrative review on remand shall be completed within 120 days.

## CONCLUSION

The plaintiff's motion for judgment on the pleadings is denied. The Commissioner's decision is reversed and the Commissioner's motion for remand for further administrative proceedings is granted. On remand, the Commissioner shall assign this case to a new ALJ who shall hold a new hearing on the plaintiff's claims and fully develop the record with respect to evidence of the plaintiff's mental health impairments. The Court directs the Commissioner to complete all further administrative proceedings within 120 days of the issuance of this order. The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
July 27, 2012

s/CBA

Carol Bagley Amon
Chief United States District Judge

2